IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILMINGTON SAVINGS FUND ) <br> SOCIETY, FSB DBA CRISTIANA ) <br> TRUST AS TRUSTEE FOR HLSS ) <br> MORTGAGE MASTER TRUST FOR THE ) <br> BENEFIT OF THE HOLDERS OF THE ) <br> SERIES 2014-1 CERTIFICATES ) <br> ISSUED BY HLSS MORTGAGE ) <br> MASTER TRUST, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>     vs. ) <br> ) <br> AUDREY ANNE PERREIRA, JUSTIN ) <br> KEHAU PERREIRA, ANDREW H. ) <br> DONALDSON, ET AL. AND ROES 1- ) <br> 10, ) <br> ) <br>         Defendants. ) <br> _____ ) | CIVIL 16-00029 LEK-KSC |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION REMOVED
FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAI`I**

On February 18, 2016, Plaintiff Wilmington Savings Fund Society, FSB doing business as Christiana Trust as Trustee for HLSS Mortgage Master Trust for the Benefit of the Holders of the Series 2014-1 Certificates Issued by HLSS Mortgage Master Trust ("Plaintiff") filed a Motion to Remand Action Removed from the Circuit Court of the Third Circuit, State of Hawai`i ("Motion to Remand"). [Dkt. no. 5.] Pro se Defendants Audrey Anne Perreira, Justin Kehau Perreira, and Andrew H. Donaldson (collectively "Defendants") filed their memorandum in opposition on April 1, 2016, and Plaintiff filed its reply on April 12, 2016. [Dkt.

nos. 16, 18.]  On April 29, 2016, Defendants filed a document titled "Notice of Applicability and Invocation of the Fourteenth Amendment to the United States Constitution Civil Right of Due Process" ("4/29/16 Notice").[1]  [Dkt. no. 20.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  After careful consideration of the Motion to Remand, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion to Remand is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On November 27, 2015, Plaintiff filed its Complaint in the State of Hawai`i Third Circuit Court ("Third Circuit").  [Motion to Remand, Decl. of Counsel ("Ohara Decl.") Exh. 1.[2]]

---

[1] This Court construes the 4/29/16 Notice as a supplemental memorandum in opposition to the Motion to Remand.  Defendants did not obtain leave of court to file the 4/29/16 Notice.  See Local Rule LR7.4 (stating that, other than filing a memorandum in opposition or a reply, "[n]o further or supplemental briefing shall be submitted without leave of court").  However, because Defendants are proceeding pro se, this Court will consider the 4/29/16 Notice.

[2] Plaintiff also filed a First Amended Complaint in the Third Circuit on January 27, 2016.  [Ohara Decl., Exh. 2.]  The First Amended Complaint was filed the day after Defendants filed their Notice of Removal.  Defendants filed a Rule 16 Scheduling Conference Statement, Motion to Strike, Request for Extension of Time, and Request for Telephonic Participation in Hearing
(continued...)

Plaintiff claims that it owns a promissory note of $206,755 ("Note"), which secures a mortgage executed by Defendants on certain property in Kea`au, Hawai`i ("Mortgage" and "the Property"). [Id. at ¶¶ 11-14.] Plaintiff alleges that Defendants defaulted on the Note and Mortgage by not paying the principal and interest and that Defendants did not cure the default. [Id. at ¶¶ 26-27.] In Count I of the Complaint, Plaintiff requests a declaratory judgment that it is the current holder of the Note and Mortgage, and that it has priority over the interests of all of the defendants in this case.[3] [Id. at ¶ 24.] In Count II, Plaintiff requests judicial foreclosure of the Property. [Id. at ¶ 28.]

---

[2](...continued) ("Motion to Strike") requesting, *inter alia*, that the First Amended Complaint be stricken from the record. [Motion to Strike, filed 2/25/16 (dkt. no. 10), at 2.] The magistrate judge denied the request to strike the First Amended Complaint in an entering order filed on March 2, 2016. [Dkt. no. 11.] Since jurisdiction is determined at the time of removal, however, this Order addresses the allegations in the Complaint only. See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) ("In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced.").

[3] In addition to Defendants Audrey Anne Perreira, Justin Kehau Perreira, and Andrew H. Donaldson, the Complaint also names as defendants Hawaiian Paradise Park Owners Association, USAA Federal Savings Bank, and Rescap Liquidating Trust, successor-in-interest to Residential Capital, LLC. There is no evidence that, at time of removal, Plaintiff had served any of these defendants with the Complaint.

Defendants removed the action to this district court based on federal question and diversity jurisdiction. [Notice of Removal, filed 1/26/16 (dkt. no. 1), at pgs. 2-4.] In support of the existence of federal question jurisdiction, Defendants cite the Fourteenth Amendment to the United States Constitution and various federal statutes. [Id. at pgs. 4-5.] Defendants assert that diversity jurisdiction exists because the amount-in-controversy requirement is satisfied and Plaintiff is a Delaware corporation and Defendants are Hawai`i citizens. [Id. at pgs. 2-3.]

In the Motion to Remand, Plaintiff counters that: the Complaint alleges only causes of action under state law; Defendants cannot create federal subject matter jurisdiction by attempting to raise defenses or counterclaims based on federal law; and Defendants are all Hawai`i citizens, which bars removal under the forum defendant rule. In their memorandum in opposition, Defendants reiterate the arguments from their Notice of Removal. Defendants also request sanctions against Plaintiff and Plaintiff's attorneys for "improperly attempting to prevent pro se homeowner defendants from raising legitimate defenses and counter-claims based on federal consumer protection laws." [Mem. in Opp. at 6.]

**STANDARD**

Civil actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless expressly prohibited by a federal statute. 28 U.S.C. § 1441(a). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between," *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a)(1).

> This district court has stated:
>
> There is a strong presumption against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The statute authorizing removal is strictly construed, and the removing party has the burden of establishing that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

Brown v. City & Cty. of Honolulu, CV No. 14-00354 HG-KSC, 2015 WL 1564961, at *2 (D. Hawai`i Apr. 7, 2015).

**DISCUSSION**

I. **Federal Question Jurisdiction**

>Federal question jurisdiction exists when a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086–87 (9th Cir. 2009) (quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

Id. at *3.

    A. **Federal Question Based on the Complaint**

Plaintiff's declaratory judgment claim addresses its rights to enforce the Note and Mortgage.  Establishing ownership of a note and mortgage and determining an owner's rights are issues governed by state law.  See Haw. Rev. Stat. § 490:3-203 (governing the transfer of an instrument and the rights acquired by transfer); Haw. Rev. Stat. § 490:3-301 (defining "person entitled to enforce" an instrument); see also U.S. Bank N.A. v. Mattos, 137 Hawai`i 209, 211, 367 P.3d 703, 705 (Ct. App. 2016) ("'In order to enforce a note and mortgage under Hawaii law, a creditor must be "a person entitled to enforce" the note.  One person entitled to enforce an instrument is a "holder" of the instrument.  A "holder" is the "person in possession of a

negotiable instrument."'" (quoting In re Tyrell, 528 B.R. 790, 794 (Bankr. D. Haw. 2015) (citing Hawaii Revised Statute (HRS) § 490:3-301 (2008 Repl.) and HRS § 490:1-201(b) (2008 Repl.)))); In re Mortg. Store, 509 B.R. 292, 296 & nn. 10-11 (Bankr. D. Hawai`i 2014) ("Under Hawaii law (and the law of most other states), the collateral follows the obligation.  A transfer of a promissory note automatically transfers any security for that note." (some citations omitted) (citing S.N. Castle Estate v. Haneberg, 20 Haw. 123, 130 (1910))).

Plaintiff's foreclosure claim is also governed by state law.  See Haw. Rev. Stat. §§ 667-1.5 to 667-20.1 (governing foreclosure by action); see also OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK-KSC, 2014 WL 5023472, at *5 (D. Hawai`i Oct. 8, 2014) ("Under Hawaii law, a court may issue a foreclosure decree when the moving party establishes all four of the following: (1) the existence of a promissory note, mortgage, or other debt agreement; (2) the terms of the promissory note, mortgage, or other debt agreement; (3) default by the borrower under the terms of the promissory note, mortgage, or other debt agreement; and (4) the giving of the cancellation notice and recordation of an affidavit to such effect." (some citations omitted) (citing IndyMac Bank v. Miguel, 184 P.3d 821, 835 (Ct. App. 2008))).

Both of the counts in the Complaint allege state law claims, and neither count contains a cause of action based on federal law.  Therefore, this Court CONCLUDES that the Complaint does not present a federal question on its face.

**B.    Federal Question Necessarily Raised**

Even where a complaint does not raise a federal question on its face, the case may "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.  This is not one of those cases, however.

In their Notice of Removal, Defendants point to the Fourteenth Amendment, the Securities Act of 1933, the Racketeer Influenced and Corrupt Organizations Act, the Consumer Credit Protection Act, the Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act.  [Notice of Removal at pgs. 4-5.]  Defendants refer to the latter three as consumer protection laws.  [Mem. in Opp. at 2-3.]  Defendants go on to state that their "defenses and counterclaims are founded and based on federal consumer protection laws."  [Id. at 3 (emphasis omitted).]  But, "a defendant cannot create federal subject matter jurisdiction on the basis of claims or defenses asserted in a notice of removal."  U.S. Bank, N.A. v. Mizukami, CIVIL NO.

15-00523 JMS-BMK, 2016 WL 632195, at *2 (D. Hawai`i Feb. 17, 2016) (some citations omitted) (citing Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985)).  Likewise, a defendant cannot create federal subject matter jurisdiction on the basis of claims or defenses asserted in his or her opposition to a motion to remand.

In a case with very similar circumstances, this district court has stated:

> Defendant does not (and cannot) argue that foreclosure itself is a federal claim.  Rather, he argues that various federal laws are necessarily invoked as a result of the securitization and assignment of the Note and Mortgage, as well as Plaintiff's attempt to foreclose.  But Plaintiff's foreclosure claim — which essentially requires a determination of whether default has occurred — does not require resolution of issues pursuant to federal laws governing securities, consumer credit, debt collection, and fraudulent, deceptive, and racketeering practices.  The court finds these federal issues to be peripheral to the foreclosure claim, and not "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn [v. Minton], 133 S. Ct. [1059,] 1065 [(2013)].  Rather, Defendant's federal issues are more properly viewed as defenses or possible counterclaims to Plaintiff's foreclosure action.  And Defendant cannot create federal subject matter jurisdiction based on an attempt to raise such defenses or counterclaims under federal law.

Deutsche Bank Nat'l Trust Co. v. Hagan, CIVIL NO. 15-00376 JMS-KSC, 2015 WL 7720465, at *3 (D. Hawai`i Nov. 27, 2015) (footnote and some citations omitted).

Here, as in <u>Hagan</u>, the Fourteenth Amendment and the federal statutes cited by Defendants may support possible defenses or counterclaims.  But, neither these citations nor Defendants' possible defenses or counterclaims satisfy their burden to show that removal was proper.  <u>See</u> <u>id.</u> at *2-3; <u>cf.</u> <u>Pasion v. Cty. of Kauai</u>, No. CV 13-00676 ACK-RLP, 2014 WL 957433, at *3 (D. Hawai`i Mar. 11, 2014) ("[T]he Supreme Court has made clear that the mere presence of a federal issue in a state suit does not, by itself, give rise to federal question jurisdiction." (citing <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005))).  This Court therefore CONCLUDES that it does not have federal question jurisdiction over the instant case.

## II.  <u>Diversity Jurisdiction</u>

Plaintiff also asserts that this Court has diversity jurisdiction over the instant case.  However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This is known as the "'forum defendant rule' which 'confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.'"  <u>Watanabe v. Lankford</u>, 684 F. Supp. 2d 1210, 1215 (D. Hawai`i

2010) (quoting Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006)). Simply stated, if a Hawai`i citizen is sued in a Hawai`i state court by a non-Hawai`i citizen, the case cannot be removed to federal court on diversity grounds. That is the situation here. See Notice of Removal at pg. 3 (stating that Defendants are Hawai`i citizens). This Court CONCLUDES that the forum defendant rule applies, and therefore removal of this action was improper.

## III. Request for Sanctions

Defendants ask this Court to sanction Plaintiff for bringing the Motion to Remand. Although this Court has concluded that it does not have jurisdiction over the instant case, "it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse." See Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1303 (9th Cir. 1990). Defendants have not specified the legal authority that their request for sanctions relies upon, but this Court liberally construes Defendants' request as a request pursuant to this Court's inherent authority. See Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).

11

"A court may . . . impose sanctions under its inherent power for conduct taken in bad faith." Horowitz v. Sulla, Civil No. 13-00500 HG-BMK, 2014 WL 1048798, at *11 (D. Hawai`i Mar. 14, 2014) (citing Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001)). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (some citations omitted) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S. Ct. 2465 (1980)). "[S]anctions should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Id. at 649 (citation and internal quotation marks omitted).

The conduct complained of is the filing of the Motion to Remand. The Motion to Remand was not frivolous, unreasonable, or without legal foundation, as evidenced by the fact that this Court has granted the motion. Further, there is no indication in the record that Plaintiff filed the Motion to Remand for an improper purpose. This Court therefore CONCLUDES that the filing of the Motion to Remand does not warrant sanctions and DENIES Defendants' request.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Remand Action Removed from the Circuit Court of the Third Circuit, State of Hawai`i, filed February 18, 2016, is HEREBY GRANTED.  This Court HEREBY REMANDS this action to the State of Hawai`i Third Circuit Court.  The Court DIRECTS the Clerk's Office to transmit a certified copy of this Order to the clerk of the Third Circuit.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 27, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WILMINGTON SAVINGS FUND SOCIETY VS. AUDREY ANNE PERREIRA; CIVIL 16-00029 LEK-KSC; ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII**